IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:09-cr-00222-02

FLOYD B. MOORE,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Floyd B. Moore's Motion for Bond Pending Appeal [Docket 2691]. Defendant Moore is scheduled to report to FCI Edgefield in Edgefield, South Carolina, on Friday, May 13, 2011. The United States filed a response on May 12, 2011. (Docket 2693.)

*I.  BACKGROUND*

On December 18, 2009, Defendant Moore pled guilty to an indictment charging him with violating 18 U.S.C. 1962(c). (Docket 776.) As part of his plea agreement with the United States, Defendant Moore stipulated to the facts of two racketeering acts, as required for a finding of guilt on the RICO charge. (Docket 777.) Those racketeering acts were a murder conspiracy, a felony under West Virginia state law, and a Travel Act (or ITAR) charge for his participation in the Pagans Motorcycle Club annual raffle. (*Id.* at 8-11.) On February 25, 2011, the Court found a sufficient factual bases to support Defendant Moore's guilty plea, adjudged Moore guilty of violating the RICO statute, 18 U.S.C. § 1962(c), and sentenced him to 57 months' imprisonment. (Docket 2630.)

On March 2, 2011, before the judgment in this case was docketed, Defendant Moore filed a notice of intent to appeal his conviction and sentence.  (Docket 2621.)  He was subsequently appointed appellate counsel by the Fourth Circuit, and on May 2, 2011, the Court granted Defendant Moore an extension of his self-report date to file the instant motion.  (Docket 2685.)

## II.  DISCUSSION

When a defendant appeals a judgment or sentence, he must be detained pending appeal unless the Court is satisfied that (1) by clear and convincing evidence he is unlikely to flee or pose a danger to society and (2) the appeal raises a substantial question or law or fact and is likely to result in reversal, a new trial, or a reduced sentence of imprisonment.  *See* 18 U.S.C. § 3143(b).  The United States accepts as true Defendant Moore's assertion that he satisfies the first prong.  (Docket 2693 at 2-3 n.1.)  The Court therefore **FINDS** that he is unlikely flee and poses no danger to society. The second prong of the § 3143(b) analysis has two parts—first, a defendant must show that his appeal raises a "substantial question of law or fact"; second, he must show that if successful, his appeal is likely to result in reversal, new trial, or a reduced term of imprisonment.  *See* 18 U.S.C. § 3143(b)(1)(B); *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 2008).  The Fourth Circuit has defined the term "substantial question" as "a 'close' question or one that very well could be decided the other way."  *Steinhorn*, 927 F.2d at 196 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

In his memorandum, Defendant Moore makes clear that his appeal challenges the factual basis underlying his RICO conviction.  In particular, Defendant Moore is appealing "the use of the gambling predicate to undergird his RICO conviction."  (Docket 2691 at 3.)  In an attempt to demonstrate a "substantial question of law or fact," Defendant Moore argues that, because the raffle

2

is merely a misdemeanor under West Virginia state law, it is legally insufficient to serve as a RICO predicate.  (*Id.*)  This argument wholly overlooks the fact that Defendant Moore's gambling activities also amount to a Travel Act violation, which is a federal felony and a legally sufficient RICO predicate.  Moore states that "[t]he raffle itself could not have been a RICO predicate gambling act; it is not a felony."  (Docket 2691 at 3.)  The Court agrees.  However, once Moore's gambling activities took on an interstate character and satisfied the elements of the Travel Act, a sufficient RICO predicate came into existence.  Defendant Moore further states that only one other district court has "transmogrif[ied] a misdemeanor state gambling violation into a federal RICO predicate under § 1952(a)(1)."  (Docket 2691 at 3.)  Arguing that scant precedent exists on a point of law is insufficient to demonstrate that this appeal presents "substantial question of law or fact." Instead, the relevant question is whether the issue on appeal is a "close" question in context of the particular facts of the case.  Although the Court has repeatedly expressed doubt as to the wisdom of prosecuting defendants in this case for their involvement with the annual raffle, it has also repeatedly affirmed the legal sufficiency of those activities, when they amount to a Travel Act violation, as a RICO predicate.  The resolution of this case was not a "close call," and the Court accordingly **FINDS** that Defendant Moore does not meet the elements under 18 U.S.C. § 3143.[*]

---

[*] The United States also argues that Defendant Moore waived his right to appeal his conviction by virtue of entering the plea agreement.  (Docket 2693 at 3-4.)  The relevant provision in the plea agreement provides that Moore waives his right "to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as the sentence of imprisonment or fine is at or below the maximum prescribed by statute . . . ." (Docket 777 at 5.)  By its plain words, this appeal waiver concerns only the sentence of imprisonment and fine imposed by the Court; it does not concern the fact of conviction.  Defendant Moore may have waived his right to challenge this Court's determination of an appropriate sentence, but he did not waive his right to appeal "the Court's legal findings underlying his conviction," as
(continued...)

*III.  CONCLUSION*

For the reasons set forth above, the Court **FINDS** that Defendant Moore is ineligible for release bending appeal pursuant to 18 U.S.C. § 3143(b).  The Motion for Bond Pending Appeal [Docket 2691] is therefore **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        May 13, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

*(...continued)
the United States now contends.  (Docket 2693 at 4.)  At base, plea agreements are contracts.  *United States v. Dews*, 551 F.3d 204, 214 (4th Cir. 2008).  Contract law instructs that ambiguities are resolved against the drafter.  Insofar as the appeal waiver is ambiguous, it must be interpreted against the United States and in favor of Defendant Moore.  Accordingly, the Court cannot conclude that the appeal waiver is as expansive as the United States now suggests, and that argument plays no role in the Court's consideration of the present motion.